NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNARDO PATRICK DIAZ, | No. 23-3165 |
| Plaintiff - Appellant, | D.C. No. 1:22-cv-01649-EPG |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court for the
Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding

Submitted October 11, 2024**
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

Plaintiff Bernardo Diaz appeals a district court order affirming the denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

plaintiff's application for social security benefits. In his application for benefits, plaintiff alleged disability resulting from osteoarthritis of the bilateral knees; a torn meniscus of the left knee; morbid obesity; and obstructive sleep apnea. The Administrative Law Judge ("ALJ") agreed plaintiff suffered from these impairments but found that plaintiff had sufficient residual functional capacity to perform light work and, as a result, that plaintiff was not entitled to disability benefits. The district court affirmed the ALJ's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The plaintiff's sole argument on appeal is that the ALJ erred in declining to credit plaintiff's testimony that he needed to use a cane and could only stand or walk for approximately twenty minutes at a time. An ALJ's decision denying social security benefits may be reversed only where the ALJ applied the wrong legal standard or "the ALJ's decision was not supported by substantial evidence in the record as a whole." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quotation omitted). An ALJ's "adverse credibility finding" declining to credit a claimant's testimony about the severity of symptoms "must be based on clear and convincing reasons" set forth in the record. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (internal quotation marks omitted); *see also* SSR 16-3p, 2017 WL 5180304, at *3-8 (Oct. 25, 2017) (setting forth framework for evaluation of individual's symptoms). However, the standard

remains deferential, and the ALJ's findings are still reviewed only for substantial evidence. *See Smartt v. Kijakazi*, 53 F.4th 489, 499-500 (9th Cir. 2022); *Ahearn*, 988 F.3d at 1115-17.

The ALJ declined to credit plaintiff's testimony because plaintiff's medical records contradicted that testimony. The ALJ also relied on the fact that plaintiff's symptoms had shown improvement with treatment. These reasons provided a sufficient basis for the ALJ to decline to credit plaintiff's testimony. *See Smartt*, 53 F.4th at 498-500 (stating that the ALJ may rely on "objective medical evidence" that is "inconsistent with the claimant's subjective testimony" and "evidence of conservative treatment" in discounting a claimant's testimony regarding the severity of impairment (emphasis and internal quotation marks omitted)); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995))).

Plaintiff argues the ALJ's decision was erroneous by pointing to other aspects of the medical record that tend to corroborate plaintiff's testimony. But simply offering an alternative interpretation of the record does not demonstrate the ALJ committed reversible error. *See Smartt*, 53 F.4th at 494 ("Where the evidence

is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009))); *Carmickle*, 533 F.3d at 1164 ("The ALJ is responsible for resolving conflicts in the medical record." (citing *Benton v. Barnhart,* 331 F.3d 1030, 1040 (9th Cir.2003))). Rather, the ALJ satisfied the requirement to "show [her] work" and provide a "rationale [that] is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. Thus, substantial evidence in the record, when viewed as a whole, supports the ALJ's decision.

**AFFIRMED**